Geng LIN, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3779–AG.

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Geng Lin, New York, New York, for Petitioner, pro se.

Richard B. Roper, United States Attorney for the Northern District of Texas, Susan L.S Ernst, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: LEVAL, STRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

Geng Lin, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). Under this standard, the BIA's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)). " 'Where the IJ's adverse credibility finding is based on specific examples in the record of . . . . contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.' " *Id.* (quoting *Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)).

 In this case, the IJ's determination that Lin was not credible was substantially supported by the evidence as a whole. The credibility determination was based on specific examples in the record of Lin's improbable testimony regarding the events surrounding his altercation with the family planning and village officials, Lin's inconsistent testimony regarding the length of time his aunt had been pregnant, and the date of his resident identification card. Because Lin is ineligible for asylum, the IJ properly concluded that he could

not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales,* 331 F.3d at 306. Furthermore, with regard to the CAT claim, Lin failed to prove that "it is more likely than not that he … would be tortured if removed to [China]," *see* 8 C.F.R. § 208.16(c)(2), and, therefore, he is not eligible for CAT relief.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.